■ BATES ADVERTISING USA, INC., Appellant-Respondent, v 498 SEVENTH, L. L. C., Respondent-Appellant. [721 NYS2d 645] —Order, Supreme Court, New York County (Herman Cahn, J.), entered June 30, 2000, which, to the extent appealed and cross-appealed from, denied defendant landlord's motion for summary judgment dismissing the complaint and plaintiff tenant's cross motion for partial summary judgment, unanimously affirmed, with costs.

Article 54 (C) of the Lease between plaintiff tenant and defendant landlord provides: "If Landlord does not substantially complete the work described in part E of Exhibit C by January 1, 1999 and Tenant has taken full occupancy of the initial demised premises and is conducting its ordinary business therein, then Tenant shall be entitled to a one-half (1/2) day delay in the occurrence of the Commencement Date for all portions of the premises for each day from January 2, 1999 until Landlord substantially completes such work; provided, however, that if the work that Landlord so failed to complete is that described in items E-7 or E-8 of Exhibit C, then the one-half (1/2) day delay shall be changed to one (1) day."

Contrary to plaintiff's claim, we find that this provision does not create an express condition precedent (*compare, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690-692), but instead constitutes a liquidated damages clause (*see, Truck Rent-A-Center v Puritan Farms 2nd*, 41 NY2d 420, 424-425; *LeRoy v Sayers*, 217 AD2d 63, 69). Accordingly, summary judgment was properly denied at this juncture since factual issues remain as to whether such liquidated damages clause is unenforceable as a penalty (*Comstock & Co. v New*

*York Convention Ctr. Dev. Corp.*, 179 AD2d 322, 332), and as to whether defendant breached its obligations under the lease regarding "Stage Two" work and the installation of the submeters. Concur—Nardelli, J. P., Williams, Tom, Lerner and Rubin, JJ.